IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. PYLES,<br><br>      Plaintiff,<br><br>v.<br><br>MADISON COUNTY COURT, DONNA POLINSKE, MARTIN MENGARELLI, and ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>      Defendants. | Case No. 23-cv-62-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Terry L. Pyles, a detainee at the McLean County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Pyles alleges Defendants failed to timely grant him a sentence credit after he pleaded guilty. He asserts claims against the defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and seeks monetary damages.

      This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Pyles makes the following allegations: On March 7, 2017, Pyles was charged in Madison County, Illinois, with manufacturing methamphetamine and possession of methamphetamine making materials (Doc. 1, p. 1). On April 14, 2021, Pyles pleaded guilty to the charges in exchange for a sentence of six years, at 50 percent, and a court-recommended treatment order. Pyles believed that he was entitled to pretrial detention credit and a credit for the five-month period he was on home detention (*Id*. at p. 2). He informed his court-appointed attorney Donna Polinske of his belief in the application of the credit, but Polinske disagreed and refused to argue the point at sentencing (*Id*.).

In October or November 2021, Pyles filed a *pro se* motion in Madison County to obtain the 147-day credit he believed he was entitled to for his time on home detention (*Id*.). The motion, before Judge Martin Magnarelli, sat pending for several months. Pyles also contacted Polinske and requested that she address the matter with the court. He also sent letters to Polinske urging her to submit documentation to the court and request a hearing on his behalf (*Id*. at p. 3). His hearing was set for March 1, 2022 (*Id*.). At the hearing, Pyles was awarded 147 days credit, and his mandatory supervised release date was reset for May 4, 2022 (*Id*.). He was released on March 2, 2022, due to the amended judgment (*Id*. at p. 4). Pyles believes that due to Polinske's refusal to raise the motion earlier and the judge's delay in setting the hearing, he only benefited from 63 days of credit rather than 147 days (*Id*.).

On October 27, 2022, Pyles filed another *pro se* motion requesting the benefit of the full 147 days (*Id.*). On November 21, 2022, Pyles had another hearing before Judge Magnarelli, but Pyles's motion was deemed moot (*Id.*). Polinske informed Pyles he had already received the requested credit, and to the extent the Illinois Department of Corrections ("IDOC") did not calculate all of the credit, Pyles would have to contact IDOC. Pyles wrote the prison review board but did not receive a response (*Id.* at p. 5). Pyles believes that the additional credit should have been added to his mandatory supervised release requirements (*Id.* at p. 7).

## **Discussion**

Simply put, Pyles fails to state a claim. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show that he suffered a deprivation of his federal rights by a defendant who acted under color of state law. *Id.*

Pyles alleges that his court-appointed counsel in his state criminal case provided ineffective assistance of counsel by refusing to argue for his sentencing credits, which he alleges was in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. It is well-settled, however, that defense attorneys, both those who are appointed and those who are privately retained, are not state actors as required by Section 1983. *See e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *McDonald v. White*, 465 F. Appx. 544, 548 (7th Cir. 2012).

Further, judges are entitled to absolute judicial immunity for their judicial action. Here, Pyles argues that Judge Mengarelli improperly delayed the evidentiary hearing on his motion. But Pyles challenges judicial actions which cannot be addressed in a Section 1983 case. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Pyles also alleges the Madison County Court, particularly the clerk's office, failed to schedule his motion for a hearing in a timely manner. Although court reporters, clerks, and other court personnel are not protected by absolute immunity, they may be entitled to quasi-judicial immunity if they were acting at the direction of a judge. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436-38 (1993); *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010). Pyles's allegation that the clerk's office had a hand in scheduling the judge's docket falls within the judicial or quasi-judicial function that protects the clerk's office from suit. Thus, the Madison County Court is also immune from suit.

Finally, Pyles sues IDOC for the miscalculation of his sentence, but IDOC is a state government agency and is not subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Pyles refers to Rob Jeffries in his statement of claim but fails to include him in the case caption or identify him as a defendant. Nor does Pyles offer any allegations to suggest Jeffries was liable for the failure to correctly calculate the pretrial sentence credit.

For the reasons stated, Pyles's Complaint is **DISMISSED without prejudice** for failure to state a claim. To the extent Pyles may be able to state a claim if he was kept in prison longer than his sentence required due to the deliberate indifference of a state actor,

the Court will allow Pyles an opportunity to amend his Complaint. *See Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015) ("A plaintiff states a claim for an Eighth Amendment violation if he is detained in jail for longer than he should have been due to the deliberate indifference of corrections officials.").

## Disposition

For the reasons stated above, Pyles's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **September 22, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Pyles's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Pyles must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Pyles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable,

regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Pyles is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 25, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**