IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. PYLES,<br><br>    **Plaintiff,**<br><br>v.<br><br>MADISON COUNTY COURT, DONNA POLINSKE, MARTIN MENGARELLI, and ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>    **Defendants.** | Case No. 23-cv-62-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Terry L. Pyles, a detainee at the McLean County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pyles's original Complaint was dismissed without prejudice for failure to state a claim regarding his sentence calculation. In the Amended Complaint, Pyles again alleges Defendants failed to timely grant him a sentence credit after he pled guilty. He asserts claims against the defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and seeks monetary damages.

    This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

As with his original Complaint, Pyles's Amended Complaint alleges that Defendants improperly calculated his sentence credit. On March 7, 2017, Pyles was charged with manufacturing methamphetamine (Doc. 18, p. 1). On April 14, 2021, he was sentenced to six years in prison, with a requirement to serve 50 percent of his sentence (*Id.*). Pyles alleges that he accumulated 19.5 months of pretrial incarceration sentencing credit, to include 147 days of home detention (*Id.*). He believes he was entitled to count the time he spent on home detention pursuant to 725 ILCS 5/5-4.5-100, which requires a trial court to "credit the defendant for time spent in home detention on the same sentencing term as incarceration."

Pyles informed his court-appointed attorney Donna Polinske of his view regarding the accumulation of home detention credit (*Id.* at p. 2). Polinske maintained Pyles was not eligible for the credit because he did not meet the parameters of being in the custody of the county jail (*Id.*). Polinske did not petition the court to award Pyles the 147 days of home detention (*Id.*). Pyles argues that her actions violated his due process rights, as well as his right to effective counsel under the Fifth, Fourteenth, and Sixth Amendments.

After sentencing, Pyles filed his own motion with the sentencing court and emailed the documents to Polinske (*Id.* at pp. 2-3). He asked Polinske to formally adopt his filing and request an evidentiary hearing (*Id.*). She failed to adopt his motion, nor did

she request a hearing. Pyles alleges that Polinske's actions caused him to be subjected to false imprisonment because he believes that he would have been released earlier if Polinske had taken the proper steps to correct her mistake (*Id.*). On March 1, 2022, the state court granted Pyles's motion and awarded him 147-days credit towards his sentence (*Id.* at pp. 3-4). Because his release date with the added credits had already passed, Pyles argues that he only benefited from 62 days of the 147-day sentence credit (*Id.* at p. 4). He argues that Polinske's errors caused him to remain in prison longer than necessary.

## Discussion

Simply put, Pyles once again fails to state a claim. Pyles seeks to bring claims for alleged violations by his court-appointed counsel in his criminal case. Specifically, he alleges violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. As the Court stated in its earlier order (Doc. 17), it is well-settled that defense attorneys, both those who are appointed and those who are privately retained, are not state actors as required by Section 1983. *See e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012).

Pyles acknowledges the Court's previous findings but argues that Polinske can be liable under Section 1983 if she acted with state actors. Pyles points to the Madison County Court, Judge Megnarelli, the circuit clerk, and the state's attorney as state actors who Polinske acted in concert with, in an effort to violate Pyles's rights. Pyles argues that the clerk and judge failed to promptly schedule an evidentiary hearing, but such actions do not rise to the level of a constitutional violation because scheduling of the court's docket is a ministerial task performed under a judge's supervision and related to judicial

3

proceedings. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). *See also Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436-38 (1993); *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010).[1] Pyles specifically takes issue with the scheduling of his hearing, but such acts are protected by judicial and quasi-judicial immunity. Further, the Madison County Court is not a suable entity in this context, and there are no allegations to suggest the state's attorney participated in the scheduling of the hearing. *See Dyer-Webster v. Dent*, No. 14-c-616, 2015 WL 6526876, at *3 n.2 (N.D. Ill. Oct. 28, 2015) ("The Circuit Court of Cook County itself is a non-suable entity"); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs").

Thus, Pyles fails to state a viable claim in his Amended Complaint against any of the defendants, including his court-appointed attorney.

## Disposition

For the reasons stated above, the Amended Complaint is **DISMISSED** for failure to state a claim. Because this is Pyles's second attempt to state a viable claim and he has been unable to do so, the Amended Complaint is **DISMISSED with prejudice**. The dismissal shall count as one of Pyles's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

---

[1] Further, to the extent Pyles listed the Illinois Department of Corrections ("IDOC") as a defendant, it is not a proper defendant, and there are no allegations to suggest anyone from IDOC participated in the calculation of Pyles's sentence. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under [Section] 1983.").

If Pyles wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Pyles does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than **28 days** after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  November 30, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**